UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HELENA CHARTERING INC.,

                      Petitioner,                    20-Civ._____

              v.                        **PETITION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF ARBITRATION AWARD**

CRONUS MARITIME INC.,

                      Respondent.
------------------------------------------------------------X

Helena Chartering Inc. ("Helena" or "Petitioner"), by and through its undersigned counsel, Floyd Zadkovich (US) LLP, for its Petition for Recognition, Confirmation and Enforcement of Arbitration Award against Cronus Maritime Inc. ("Cronus" or "Respondent"), alleges as follows:

**Preliminary Statement**

1. This proceeding to confirm, recognize and enforce an arbitration award is brought by Petitioner pursuant to Section 207 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 207), and in the alternative, pursuant to Section 9 of the FAA (9 U.S.C. § 9). Petitioner, as disponent owner, and Respondent, as charterer, entered into a time charter party for the vessel M/V NALINEE NAREE (the "Vessel") on or about April 12, 2018. The time charter was for a period of four to six months. Petitioner sought recovery when Respondent breached the terms of the time charter by, *inter alia*, failing to pay an invoice for the Vessel's hire and redelivering the Vessel with insufficient bunkers.

2. An arbitration award (the "Award") was rendered in Petitioner's favor on January 30, 2019 in an arbitration proceeding before David W. Martowski, LeRoy Lambert and Soren Wolmar (Chairman) pursuant to the Rules of the Society of Maritime Arbitrators, Inc. ("SMA Rules") in New York, NY.

3. Petitioner now seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 207 [alternatively, § 9], recognizing, confirming, and enforcing the Award of January 30, 2019, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## Parties

4. Helena Chartering Inc. is incorporated under the laws of the Bahamas and has it principal place of business in Roseville, California.

5. Upon information and belief, Cronus Maritime Inc. is a foreign business entity organized under Liberian law with a last known principal address of 80 Broad Street, Monrovia, Liberia, also conducting business in Piraeus, Greece.

## Jurisdiction and Venue

6. For purposes of Chapter 2 of the FAA, this Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, because it arises from an arbitration based on a commercial relationship not entirely between citizens of the United States. District courts have jurisdiction over arbitration awards that fall under the Convention for the Recognition and Enforcement of Foreign Arbitral Awards, 21 UST. 2517 (the "New York Convention") (9 USC §§ 201-208), which covers commercial relationships that are not entirely between U.S. citizens, *see* 9 U.S.C. § 202. Here, the Petitioner has its principal place of business in California. As set forth in ¶5, Respondent's principal place of business is not in the United States, nor is Respondent

incorporated in the United States. Accordingly, the action does not arise entirely between citizens of the United States such that this Court has subject matter jurisdiction.

7. In the alternative, for purposes of confirmation under Chapter 1 of the FAA, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333 (as well as diversity jurisdiction). Federal admiralty jurisdiction grants federal district courts the power to decide "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333. "[A] charter party agreement is a maritime contract" subject to federal admiralty jurisdiction. *Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991) (citing *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 259 (1926); *Morewood v. Enequist*, 64 U.S. (23 How.) 491, 493-94 (1860)).

8. The underlying dispute arose from a time charter party between Petitioner and Respondent, a maritime contract. Therefore, this Court has subject matter jurisdiction over this matter.

9. Venue is proper in this judicial district because the arbitration agreement called for arbitration "at New York" which is also where the arbitration was sited and from where the Award was issued.

### Exhibits to Accompanying Declaration

10. Annexed to the accompanying Declaration of Edward W. Floyd, dated January 29, 2020, are copies of the following, duly certified therein:

    a. The Award of January 30, 2019 (Floyd Decl., Ex. 1);

    b. An email, dated February 1, 2019, from the Panel chair noting and attaching a correction to the Award's Appendix A (regarding the Panel's fees and expenses) (Floyd Decl., Ex. 2); and

   c. The time charter agreement of April 12, 2018 including its agreement to arbitrate (Floyd Decl., Ex. 3) which provided, in pertinent part, that:

> This Contract shall be governed by and construed in accordance with Title 9 of the United States Code and the Maritime Law of the United States and any dispute arising out of or in connection with this Contract shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final, and for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction.  The proceedings shall be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc.

(Floyd Decl., Ex. 3 at Clause 65).

  11. As noted by the Panel, Section 35 of the applicable SMA Rules provides, in pertinent part, that:

> Wherever parties have agreed to arbitration under these Rules, they shall be deemed to have consented to service of any papers, notices or process necessary to initiate or continue an arbitration under these Rules or a court action to confirm judgment on the Award issued.  Such documents may be served: (a) By mail addressed to such party or counsel at their last known address; or (b) By personal service."

(Floyd Decl., Ex. 1 at 3).

## Relevant Facts and Proceedings

  12. Petitioner, as disponent owner, and Respondent, as charterer, entered into a time charter party for the Vessel on or about April 12, 2018. The time charter was for a period of four to six months and based on an NYPE 93 charter party form.  (Floyd Decl., Ex. 3 [including its arbitration agreement at Clause 65]).

  13. The parties agreed on delivery of the vessel DOP Belfast, UK, laycan April 26 to May 5, 2018, and redelivery full Atlantic, including Cont/Med. The Vessel was finally redelivered on September 21, 2018 in Samsun, Turkey.  (Floyd Decl., Ex. 1 at 1-2).

4

14. Petitioner demanded and commenced arbitration in New York on September 14, 2018 seeking to recover unpaid charter hire; intermediate hold cleaning fees; cleaning fees for redelivery with unclean holds; and sums for failing to redeliver the Vessel with the same amount of bunkers as on delivery in the total amount of $574,525.49 (plus attorneys' fees and costs, arbitrators' fees and costs, and interest on the principal amount). (Floyd Decl., Ex. 1 at 2).

15. Petitioner appointed David W. Martowski as arbitrator and the arbitration was captioned *Helena Chartering Inc. and Cronus Maritime Inc.* (the "Arbitration"). (Floyd Decl., Ex. 1 at 1-2).

16. Cronus did not appear in the Arbitration and failed to file any submissions or defenses with the arbitration panel. As a consequence, and as prescribed by the arbitration clause of the charter party and the SMA Rules, Petitioner appointed LeRoy Lambert as a second arbitrator on October 5, 2018. On October 10, 2018, the two so appointed arbitrators appointed Soren Wolmar as third arbitrator and chairman for procedural matters. (Floyd Decl., Ex. 1 at 2-3).

17. Several attempts were made by the arbitration panel as well as by Petitioner's attorney to reach out to and engage Respondent in the arbitration, but to no avail. (Floyd Decl., Ex. 1 at 2-3).

18. The arbitration panel applied SMA Rules applicable for proceedings involving absent parties. (Floyd Decl., Ex. 1 at 3).

19. On January 30, 2019, the arbitration panel unanimously issued its Award in favor of Petitioner and against Respondent finding that Respondent was in breach of the charter party, holding Respondent liable for the total sum of $515,152.48 (including pre-award interest at prime

rate from September 11, 2018, to January 30, 2019 in the sum of $10,157.63).  (Floyd Decl., Ex. 1 at 5).

20. No party has sought to vacate, modify, or correct the Award.

### Count 1 – Confirmation, Recognition and Enforcement of the Award under the New York Convention

21. Petitioner repeats and realleges paragraphs 1 through 20, hereof, as if fully set forth within.

22. Under Chapter 2 of the FAA, a court shall grant a timely request to confirm an arbitration award under the New York Convention unless it finds grounds for refusing or deferring recognition or enforcement.  *See* 9 U.S.C. § 207.

23. There are no grounds for refusal or deferral of recognition or enforcement of the Award.

24. The petitioner applied to confirm the Award within the time prescribed pursuant to 9 U.S.C. § 207.

25. By reason of the foregoing, Petitioner respectfully submits that the Court should issue an order confirming the Award of January 30, 2019, and direct that judgment be entered thereon.  (A proposed form of order is being filed as an exhibit to this Petition.)

### Count 2 – Confirmation of the Award under Ch. 1, Federal Arbitration Act

26. Petitioner repeats and realleges paragraphs 1 through 25, hereof, as if fully set forth within.

27. In the alternative, under Chapter 1 of the FAA, a court shall confirm a domestic arbitration award if the petitioner shows that: (1) the parties agreed to arbitrate their dispute; (2) the arbitration resulted in an award; (3) the parties agreed that judgment may be entered on the

arbitration award; (4) the petitioner applied to confirm the award within the time prescribed; and (5) the award has not been vacated, modified, or corrected.  See 9 U.S.C. § 9.

28. The parties agreed to arbitrate their dispute.  (Floyd Decl., Ex. 3 at Cl. 65).

29. The arbitration resulted in the Award of January 30, 2019. (Floyd Decl., Ex. 1).

30. The parties agreed in their arbitration agreement that a judgment may be entered upon any award made pursuant to the arbitration. (Floyd Decl., Ex. 3 at Cl. 65 [providing that "for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction."]).

31. The Petitioner applied to confirm the Award within the time prescribed pursuant to 9 U.S.C. § 9.

32. The Award has not been and should not be vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11, and there are no grounds for doing so here.  Moreover, strong deference is owed to a decision by arbitrators.  *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997) ("[A]rbitration panel determinations are generally accorded great deference under the FAA."); *see also Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (a court's review of an arbitration award is "severely limited").

33. By reason of the foregoing, Petitioner respectfully submits that the Court should issue an order confirming the Award of January 30, 2019, and direct that judgment be entered thereon.

**Count 3 – Award of Post-Judgment Interest on Arbitration Award to Petitioner**

34. Petitioner repeats and realleges paragraphs 1 through 33, hereof, as if fully set forth within.

35. The Award grants interest on the principal amount of $504,994.85, accruing at the rate of 5.5% per annum / pro rata, if payment was not made within 30 days from the date of the Award (which did not happen). The Award grants interest at the same rate for Petitioner's advance payment of the Panel's fees and expenses as charged in Appendix A to the Award. (Floyd Decl., Ex. 1 at 6; and Ex. 2 [corrected Appendix A). On or about March 1, 2019, the Panel's fees and expenses were deducted from an escrow account which had been funded by Petitioner.

36. On or about May 1, 2019, Petitioner made a partial recover of $53,905.02.

37. By reasons of the foregoing, Petitioner respectfully submits that the Court should order that interest has, and shall continue, to accrue on all outstanding sums owed by Respondent to Petitioner (pursuant to the Award and under a resulting judgment by this Court) at the rate of 5.5% per annum / pro rata.

38. Petitioner reserves all of its rights to seek confirmation, recognition, enforcement and/or other relief anywhere else as may be proper.

**WHEREFORE**, the Petitioner respectfully requests that this Court:

**(1)** Issue an order pursuant to 9 U.S.C. section 207, or alternatively 9 U.S.C. section 9, granting confirmation, recognition and enforcement of the Award;

**(2)** Enter judgment thereon in the amount of $515,152,48 together with: (a) interest on the principal amount of $504,994.85 at the rate of 5.5% per annum / pro rata from March 1, 2019 to May 1, 2019; (b) interest on the unrecovered principal balance amount of $451,089.83 at 5.5% per annum / pro rata from May 1, 2019 until payment in full; and (c) the amount of $6,450.00 for the Panel's fees and expenses, as paid by Petitioner in the first instance, together with interest thereon at 5.5% per annum / pro rata from March 1, 2019 until payment in full; and

**(3)**  Grant such other and further relief as the Court may deem just, equitable and proper.

Dated: New York, New York
January 29, 2020

>Respectfully submitted,
>
>/s/ Eva-Maria Mayer
>Eva-Maria Mayer
>Edward W. Floyd
>Luke F. Zadkovich
>
>FLOYD ZADKOVICH (US) LLP
>215 Park Ave South, 11th Floor
>New York, New York 10003
>Phone: (617) 943 7956
>Email: eva.mayer@floydzad.com
>
>*Attorneys for Helena Chartering, Inc.*